IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 19-135-1 |
| | ) | (Civ. No. 22-1587) |
| WESLEY COX | ) | |

## OPINION and ORDER

Presently before the Court is Petitioner Wesley Cox's Motion to Vacate Pursuant to 28 U.S.C. § 2255 to which the government filed a preliminary Response. ECF Nos. 1015 and 1030. The government argues that Mr. Cox's Motion is untimely and requests that the Court dismiss the Motion under Rule 4 of the Rules Governing Section 2255 Proceedings. The Court agrees that Mr. Cox's Motion was not timely filed within the one-year limitations period and must be dismissed. 28 U.S.C. 2255(f)(1).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court is to conduct a "Preliminary Review" of the Motion to Vacate to determine "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, . . . ." If the Court determines that the Petitioner is not entitled to relief, Rule 4 mandates that "the judge must dismiss the motion." Otherwise, resolution of the Motion will be decided on the briefs of the government and the Petitioner.

Section 2255(f)(1) of Title 28 of the United States Code provides that the "1-year period of limitation" that applies to a section 2255 Motion, "shall run from . . . - (1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mr. Cox's Judgment of Sentence was issued on June 16, 2021. ECF No. 682. Mr. Cox appealed his conviction on June 29, 2021. ECF No. 690. The government moved to dismiss Mr. Cox's appeal by requesting that the Third

Circuit Court enforce Mr. Cox's waiver of his right to file a direct appeal, as agreed to in his plea agreement. On August 4, 2021, the Circuit Court granted the government's motion and dismissed Mr. Cox's appeal. ECF No. 752, at 1. Mr. Cox did not file a petition for rehearing with the Circuit within the required 14 days and he did not take any other procedural action. *See* Fed. Rule. App. Proc 40(a). Therefore, on August 26, 2021, the Circuit Court issued a certified copy of the judgment, also known as a mandate. ECF No. 752, at 2; Fed. Rule App. Proc. 41.

Once a party's appeal is complete in the Circuit Court, the party still has the right to file a petition for certiorari with the United States Supreme Court "90 days after entry of the judgment." Sup. Court Rule 13.1. Accordingly, "[f]or the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The Supreme Court requires that the 90-day time period to file a petition for certiorari "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ." Sup. Court Rule 13.3. Therefore, in this case, the date of entry of the final judgment is August 4, 2021. The time for Mr. Cox to file a petition for certiorari expired on November 2, 2021, which is 90 days from August 4, 2021. The one-year statutory limitations period began on November 2, 2021. For Mr. Cox's section 2255 Motion to have been timely filed it must have been filed, on or before November 2, 2022.

Rule 3(d) of the Rules Governing Section 2255 Proceedings provides that a section 2255 Motion filed by "an inmate confined in an institution" is considered filed when the Motion is "deposited in the institution's internal mailing system." Mr. Cox placed his Motion to Vacate "in the prison mailing system" on November 4, 2021, two days beyond the limitations period. ECF No.

1015, at 11. Therefore, his Motion to Vacate is untimely and must be dismissed because he filed it more than one year after his conviction became final. The Third Circuit, sitting *en banc*, has held that district courts may dismiss a section 2255 Motion for untimeliness under Rule 4, provided that the petitioner is provided with notice and an opportunity to respond. *United States v. Bendolph*, 409 F.3d 155, 160, 165 n. 15, 166, 169 (3d Cir. 2005) (*en banc*).

Accordingly, the following Order is hereby entered.

## ORDER

AND NOW, this 1st day of March, it appearing to the Court that Petitioner Wesley Cox 's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 1015) is subject to dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings, it is hereby ORDERED as follows:

Petitioner is hereby notified that the Court has determined that his section 2255 Motion is subject to dismissal as untimely. Petitioner may respond to the Court's determination that his Motion is untimely by April 3, 2023, thereafter, a further Order will issue. If no response is filed by April 3, 2023, the Court will dismiss the 2255 Motion consistent with the Opinion herein.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc: Wesley Cox
Reg. No. 39487-068
FCI Elkton
Federal Correctional Institution
P.O. BOX 10
LISBON, OH 44432

3