IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 19-135-2 |
| | )    (Civ. No. 22-1587) |
| WESLEY COX | ) |

**Opinion and Order**

Presently before the Court is Petitioner Wesley Cox's Motion for Reconsideration (ECF No. 1038) of this Court's Order (ECF No. 1037) dismissing, as untimely, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Mr. Cox seeks reconsideration so that the Court can determine whether he has met the standards for equitable tolling. The government has filed a Response in Opposition. ECF No. 1040. Mr. Cox's Motion for Reconsideration will be granted, and the Court will consider his equitable tolling argument. As explained below, the Court finds that equitable tolling is not warranted in this case; therefore, the Court's Order dismissing the 2255 Motion as untimely will stand.

**I.   Background**

Mr. Cox was charged with twelve counts of controlled substance violations and one count of money laundering. On March 11, 2020, Mr. Cox plead guilty, pursuant to a plea agreement, to Count One (conspiracy to distribute and possess with intent to distribute 5 kilograms of cocaine and 280 grams of crack) and Count Thirteen (conspiracy to commit money laundering).

Prior to sentencing, Mr. Cox sent a letter to the Court expressing his concerns about his counsel's communications with him regarding his plea agreement and he requested to withdraw his plea. ECF No. 563. A status conference was scheduled to address Mr. Cox's letter; however,

1

because he was represented the Court declined to act on the letter-motion. Just prior to the conference, Mr. Cox's attorney filed a Motion to Withdraw as counsel, citing the allegations of ineffectiveness stated in Mr. Cox's letter. ECF No. 567. At the status conference, Mr. Cox's attorney was permitted to withdraw, and no action was taken on Mr. Cox's letter. New counsel was appointed to represent Mr. Cox. ECF No. 592. Eventually, Mr. Cox's new counsel also sought to withdraw his representation, explaining that he and Mr. Cox had a fundamental disagreement about the merits of filing a motion to withdraw his guilty plea. ECF No. 656. That motion was granted, and a third attorney was appointed to represent Mr. Cox. ECF No. 659.

Thereafter, on June 16, 2021, Mr. Cox proceeded to sentencing. He was sentenced to two concurrent terms of 188 months' imprisonment. Mr. Cox timely appealed his conviction on June 29, 2021, which appeal was dismissed on August 4, 2021. The time for Mr. Cox to file a petition for certiorari expired on November 2, 2021, which was 90 days from August 4, 2021. Therefore, the one-year statutory limitations period to file a section 2255 Motion began on November 2, 2021.

Mr. Cox's section 2255 Motion was untimely filed on November 4, 2022. The Court issued an Opinion, informing Mr. Cox that he may respond by April 3, 2023, to the Court's determination that his Motion is untimely. ECF No. 1036. The Court did not receive a timely response from Mr. Cox, and so on May 8, 2023, the Court dismissed Mr. Cox's section 2255 Motion as untimely.

On May 25, 2023, Mr. Cox filed a "Motion to Reconsider," in which he explains that on March 22 2023, he had timely prepared and mailed a Response to the Court's determination that his Motion was untimely. ECF No. 1038. The Court never received the March 22, 2023

Response, though Mr. Cox included the Response as part of his present Motion to Reconsider. ECF No. 1038-1 at 1-2.  Mr. Cox therefore requests that the Court consider his late-filed Response, apply equitable tolling to his late-filed 2255 Motion, and deem Mr. Cox's 2255 as timely filed.

## II.     Standard of Review

The one-year statute of limitation period of 28 U.S.C. § 2255 is "subject to equitable tolling." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998).  The United States Court of Appeals for the Third Circuit, "observe[d] that equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Id.* at 618 (quoting *Shendock v. Director, Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462 (3d Cir.1990) (en banc)).  "Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" *Miller*, 145 F.3d at 618 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir.1994)). "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'" *Miller*, 145 F.3d at 618-19 (quoting *New Castle Cnty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997)).  "Mere excusable neglect is not sufficient." *Miller*, 145 F.3d at 619 (citations omitted)).  A petitioner seeking to invoke the doctrine of equitable tolling must establish the existence of "extraordinary circumstances" that prevented him from filing in a timely manner and that he acted with reasonable diligence in pursuing his claims. *Thompson v. McGinley*, No. CV 17-1042, 2020 WL 1984908, at *9 (W.D. Pa. Apr. 27, 2020).  Equitable tolling is a remedy which should be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).  Though courts "should favor flexibility over

adherence to mechanical rules," and each decision should be made on a "case-by-case basis." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).

### III. Discussion

As an initial matter, the Court is reconsidering its prior ruling dismissing Mr. Cox's 2255 Petition in light of the fact that Mr. Cox has provided to the Court his late-filed Response, arguing that equitable tolling should apply to his 2255 Petition. Mr. Cox's Petition, filed on November 4, 2022, was filed beyond the one-year statute of limitations period; and therefore, the filing was untimely. Mr. Cox seeks equitable tolling of the statute of limitations period so that his late filed 2255 Motion is deemed timely. ECF No. 1038-1, at 2.

Mr. Cox alleges that the first impediment to his ability to timely file his Motion occurred in the beginning of October 2022. The impediment was that the only photocopier available for making a photocopy of the prison's 2255 skeleton template had run out of toner. *Id.* at 2-3. However, by mid-October 2022, Mr. Cox explains that he had obtained a 2255 skeleton copy for his use, and he had completed his 2255 Petition near the end of October. The only thing left for him to do was to mail the Petition. The lack of toner for the printer cannot be deemed an extraordinary impediment. Mr. Cox's actions prove that said impediment did not stop him from completing his 2255 Petition. While he did not prepare his Petition immediately, there was nothing preventing Mr. Cox from handwriting his 2255 Petition based on the prison's skeletal template while he waited for the printer to become available.

After Mr. Cox completed his Petition near the end of October, he states that he was ready to mail it to the Courthouse. *Id.* at 3. However, he alleges he encountered another impediment

4

due to both of the prison's printer-label-machines being out of order for approximately ten days. *Id.*  He alleges that the broken machines prevented him from timely mailing his Petition.  *Id.*  Mr. Cox further avers that all outgoing prison mail must have the proper institutional mailing label, which is produced only by one of the prison's two printer-label-machines, "otherwise the mail will be returned to the inmate as invalid."  *Id.*  He states that the broken machines caused a delay of approximately ten days.  *Id.*  However, despite the broken machines, Mr. Cox claims that he was able to obtain a blank mailing label, upon which he handwrote the Courthouse mailing address, in hopes that the label would be accepted.  *Id.*  Thereafter,  his 2255 Petition was successfully mailed to the Courthouse on November 4, 2023, though the accompanying label on the envelop was not hand-written; it was a machine-printed label.  ECF No. 1015-1.

      Mr. Cox's factual averments as to the impediment due to the broken label machines does not present the type of situation in which equitable tolling is warranted in this case.  While the breakdown of the printer-label-machines was an impediment to Mr. Cox being able to file his section 2255 Petition in compliance with the prison's mailing rules, he is unable to show that he had exercised reasonable diligence in pursuing his claims.  In his Petition, Mr. Cox raised four grounds, three of which relate to his assertion that his guilty plea was not knowing, intelligent, and voluntary.  Mr. Cox was aware that he believed that his guilty plea was invalid since before he was sentenced.  ECF No. 563, dated July 28, 2020.  Mr. Cox was also aware that he claimed he suffered a due process denial of counsel at the status conference specifically set to address Mr. Cox's pro se motion to withdraw his plea.  ECF No. 1015, at 4.  Mr. Cox attended the conference at which his current counsel was granted leave to withdraw as counsel, and where the Court took no action on Mr. Cox's pro se motion to withdraw his plea, and where the Court

indicated that new counsel would be appointed. Minute Entry, Apr. 13, 2020 (ECF No. 574). For each of the claims asserted in his 2255 Petition, Mr. Cox had personal knowledge of the fundamental basis for each claim well before the one-year limitations period had run. The difficulty from the printer toner and the mailing labels do not present any extraordinary impediment. Mr. Cox's delayed efforts until the beginning of October 2022 to begin preparing his Petition, also do not demonstrate reasonable diligence under the circumstances. Therefore, Mr. Cox did not face any extraordinary impediment that, in the exercise of reasonable diligence, prevented him filing in a timely manner.

## ORDER

Mr. Cox's Motion to Reconsider is GRANTED. Upon reconsideration, the Court concludes that this is not a case in which equitable tolling should be applied. Therefore, the Court's May 8, 2023 Order dismissing Mr. Cox's Petition as untimely (ECF No. 1037) is affirmed.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge


cc:    Wesley Cox
       Reg. No. 39487-068
       FCI Elkton
       Federal Correctional Institution
       P.O. BOX 10
       LISBON, OH 44432